UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON MAPES and ALICIA MAPES,<br><br>    Plaintiff,<br><br>  v.<br><br>FCA US LLC; and DOES 1 through 10, inclusive<br><br>    Defendants. | Case No.: 3:21-cv-00870-BEN-DEB<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>**[ECF No. 9]** |

  Plaintiffs Gordon Mapes and Alicia Mapes ("the Mapeses") are suing Defendant FCA US LLC ("FCA") and ten unnamed defendants for state law violations alleging (1) failure to promptly repair or repurchase a defective product, Cal. Civ. Code § 1793.2(d), (2) failure to complete repairs within thirty days, Cal. Civ. Code § 1793.2(b), (3) failure to make available authorized service and repair facilities during the express warranty period, Cal. Civ. Code § 1793.2(a)(3) (4) breach of express written warranty, Cal. Civ. Code § 1794, and (5) breach of the implied warranty of merchantability, Cal. Civ. Code § 1793.2(b). *See generally* Compl., ECF No. 1. The case was originally filed in the San Diego Superior Court for the State of California on August 9, 2019. *See id*. On May 5, 2021, FCA removed the case to this Court. Notice of Removal ("NOR"), ECF No. 1. Thereafter, the Mapeses filed a motion to remand. Mot., ECF No. 9. As set forth below,

the motion to remand is **GRANTED**.

I.      BACKGROUND[1]

This is a Lemon Law case.  On June 10, 2018, the Mapeses leased a new 2019 Dodge Ram 1500 truck (the "Vehicle").  Compl., ECF No. 1, Attach. No. 3, Ex. A ¶ 4.  The Mapeses do not allege the Vehicle's purchase price in their Complaint.  Nonetheless, they argue the Vehicle contains a host of defects that have deprived them of use of the Vehicle for its intended purposes.  *Id*. at ¶ 9.  They further allege these defects and FCA's subsequent failure to repair caused damages.  *Id*. at ¶¶ 13, 19, 23, 27, 33.  The fifth cause of action is also a claim against Bob Baker Automotive ("Dealership") from where the Mapeses leased the Vehicle.  *Id*. at ¶¶ 11-16.  It is the Mapeses' dismissal of Dealership from the case that led to FCA's removal action to this Court.

The Mapeses dismissed Dealership from the case on April 5, 2021. Decl. ECF No. 9, ¶ 9.  FCA removed the case to this Court on May 5, 2021, 21 months after the Mapeses originally filed the case in state court. NOR, ECF 1.  A case may otherwise not be removed more than one year after commencement of the action, unless the district court finds the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c).  FCA justified removal by alleging the Mapeses named Dealership as a defendant in bad faith in an attempt to defeat diversity jurisdiction. NOR, ECF 1, ¶ 36.   In support of their bad faith allegations, FCA cites to several recent cases in which counsel for the Mapeses have engaged in similarly timed dismissals of dealership defendants, as well as the fact that in the nearly two years between filing suit and dismissing Dealership from the suit, the Mapeses did not seek any discovery, interrogatories, or otherwise depose any witnesses from Dealership.  NOR, ECF 1, ¶¶ 41-44.  The Mapeses assert their dismissal of Dealership was simply a strategic move to avoid binding arbitration and that they had a good faith claim against Dealership from the

---

[1]      The Court is not making factual findings.

outset of the case. Reply, ECF No. 20, 7.

## II.     LEGAL STANDARD

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chi. v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal of a state action may be based on either diversity or federal question jurisdiction. *City of Chi.*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Whether removal is proper is a statutory question. *See* 28 U.S.C. § 1441 *et seq*. The removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

## III.    ANALYSIS

FCA removed this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. NOR, ECF No. 1, 1. Section 1332 confers jurisdiction on the district courts "where the matter in controversy [1] exceeds the sum or value of $75,000, exclusive of interest and costs, and [2] is between . . . citizens of different States." 28 U.S.C. § 1332(a). In the motion to remand, the Mapeses argue Defendants cannot establish bad faith under 28 U.S.C. § 1446(c)(1) and (2) Defendants have failed to show that the amount in controversy requirement has been met. Mem. ECF No. 9, 67, 74. The Mapeses therefore argue the

case should be remanded to the Superior Court of California, County of San Diego.[2]

### Allegations of Bad Faith

A diversity case where the initial pleading is not removable "may not be removed more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 18 U.S.C. § 1446(c)(1); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316-18 (9th Cir. 1998) (only a case that "becomes removable sometime after the initial commencement of the action" is "barred by the one-year exception"); *NKD Diversified Enters., Inc. v. First Mercury Ins. Co.*, No. 1:14-CV-00183-AWI, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014) ("[T]he one year limitation [is] procedural and can be excused upon a showing of bad faith."), report and recommendation adopted, No. 1:14-CV-00183-AWI, 2014 WL 2619599 (E.D. Cal. June 6, 2014). The bad faith exception was added to prevent plaintiffs from joining non-diverse parties to actions solely to prevent a defendant from removing to federal court. *See Heller v. Am. States Ins. Co.*, No. CV 15-9771 DMG (JPRx), 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016).

Section 1446(c)(1) bars a plaintiff from acting in bad faith to avoid federal jurisdiction. "[I]t is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998-99 (9th Cir. 2007), <u>overruled on other grounds by</u> *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). Addressing the awarding of sanctions, the Ninth Circuit stated bad faith "carries with it a high threshold and entails actions tantamount to recklessly raising a frivolous argument or disrupting and hindering court proceedings." *Escalante v. Burlington Nat. Indem., Ltd.*, No. 2:14-CV-7237-ODW, 2014 WL 6670002, at *3 (C.D. Cal. Nov. 24, 2014) (citing *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) and *Hutto v. Finney*, 437 U.S. 678, 689 n. 14,

---

[2] Because this Court does not find the criteria are met to remove a case after the one-year deadline in accordance with 28 U.S.C. § 1446(c)(1), the amount in controversy issue is moot and not addressed.

98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)). "The presumption against removal, coupled with Ninth Circuit precedent holding that bad faith in the sanctions context is a high burden, leads the Court to conclude that defendants face a high burden to demonstrate that a plaintiff acted in bad faith to prevent removal." *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *2-3 (W.D. Wash. July 27, 2016) (citing *Heller*, 2016 WL 1170891, at *2).

While the Ninth Circuit has yet to address the applicable standard for bad faith under section 1446(c), district courts have considered the timing of naming and dismissing the non-diverse defendant, the explanation given for dismissal, and whether the plaintiff actively litigated the case in 'any capacity' against a non-diverse defendant before dismissal. *Torres v. Honeywell, Inc.*, No. 2:20-CV-10879-RGK-KS, 2021 WL 259439, at *3 (C.D. Cal. Jan. 25, 2021) (citing *Heacock*, 2016 WL 4009849, at *3 and *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1263 (D.N.M. 2014)). Determining whether a plaintiff has acted in bad faith to prevent removal necessarily involves looking into the plaintiff's subjective intent, as the text of section 1466(c)(1) "strongly suggest[s] intentionality and purpose." *Aguayo*, 59 F. Supp. 3d at 1266.

Several factors weight against a finding of bad faith in this case. First, the Mapeses named Dealership as a defendant at the initiation of litigation. Compl. ECF No. 1, 36. The Mapeses did not manipulate the process by adding defendants after removal to defeat diversity or by adding defendants after filing suit to defeat the threat of removal; their claim against Dealership was colorable from the outset and only dismissed later for reasons not tied to the expiration of the one-year removal deadline. *Compare Tedford v. Warner–Lambert Co.*, 327 F.3d 423 (5th Cir. 2003) (finding bad faith where plaintiff amended complaint to add diversity-defeating party three hours after phone call with opposing counsel who informed plaintiff they intended to remove case) and *Kite v. Richard Wolf Med. Instruments Corp.*, 761 F.Supp. 597 (S.D. Ind. 1989) (finding bad faith where plaintiff added non-diverse defendant leading to remand and then dismissing non-diverse defendant after one-year removal deadline passed) *with NKD Diversified*

*Enterprise, Inc. v. First Mercury Ins. Co.*, 2014 WL 1671659 (E.D. Cal. Apr. 28, 2014) (finding no bad faith in dismissing non-diverse defendant when original complaint included defendant and decision to dismiss was based on plaintiff's assessment that defendants were no longer necessary to suit).

Second, the Mapeses have a valid claim against Dealership. The Mapeses and Dealership were the named parties in the lease agreement. NOR, ECF No. 1, 49. Further, Dealership was responsible for the repairs when the Mapeses sought maintenance work at Dealership. "One who undertakes repairs has a duty arising in tort to do them without negligence." *Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970). Moreover, there is a growing body of cases that recognize local dealerships can be liable to plaintiffs who assert negligent repair claims. *See, e.g., Doyle v. Gen. Motors LLC*, 2020 WL 915887, at *3 (C.D. Cal. Feb. 25, 2020) (permitting joinder of local dealership because the claims against the local dealership "appear[ed] at least facially valid," and remanding); *Lopez v. Ford Motor Co.*, 2019 WL 5444391, at *2 (C.D. Cal. July 18, 2019) (remanding because "Defendants have not established that a customer could never recover against a dealership for negligent repair of a vehicle under warranty."); *Miranda v. Ford Motor Co.*, 2020 WL 917280, at *2 (C.D. Cal. Feb. 25, 2020) (similar); *Lytle v. Ford Motor Co.*, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle."); *Tasch v. Ford Motor Co.*, 2018 WL 3956493, at *1 (C.D. Cal. Aug. 16, 2018) (similar); *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016) (similar).

Third, the timing of Dealership's dismissal of the case does not indicate bad faith. The one-year deadline for removal elapsed on August 6, 2020. Here, though, Dealership was dismissed nine months after this, indicating the Mapeses were not merely "running out the clock" to defeat diversity jurisdiction. Further, the Mapeses proffered a valid reason for dismissing Dealership. The Mapeses state that due to their interpretation of *Felisilda v. FCA US LLC*, 53 Cal. App. 5th 486, 266 Cal.Rptr.3d 640 (2020), *review*

*denied* (Nov. 24, 2020), dismissal was necessary to avoid arbitrating the entire case, including claims against FCA. Mot. ECF No. 9, 69. While inconsistent explanations for dismissal may be indicative of bad faith (see *Heacock*, 2016 WL 4009849, at *3 (citing *Heller*, 2016 WL 1170891, at *3)), the Mapeses have not offered any other explanation for the timing and reason of dismissing Dealership from the case.

There are indicia of bad faith present, though. In the nearly two years since filing suit, the Mapeses have failed to pursue their case against Dealership. There have been no depositions, no interrogatories, and no discovery requests of any kind. NOR, ECF No. 1, ¶ 41. Compared to the extensive discovery conducted regarding claims against FCA, the failure to litigate the case in "any capacity" against Dealership suggests bad faith.

FCA suggests the Mapeses' counsel have repeatedly engaged in similar tactics, naming dealerships in suits and then dismissing them when removal to federal court was no longer permissible. NOR, ECF No. 1, ¶ 44. This Court will not find bad faith based on these prior cases, though. First, the record does not contain enough evidence of subjective intent of bad faith. This Court acknowledges there will rarely, if ever, be "smoking gun" evidence of a plaintiff admitting to attempting to defeat diversity jurisdiction. Even so, the fact counsel for plaintiffs previously engaged in similar litigation strategies is not indicative of bad faith. As demonstrated by their complaint, the Mapeses intended to depose Dealership's technicians. Reply, ECF No. 20, 22. In fact, the state court's trial management order listed two expert exchange deadlines, as well as discovery cut-off, for dates after the Mapeses dismissed Dealership from the suit. Reply, ECF No. 20, 27. While FCA may question the Mapeses' trial preparation strategy and leaving such preparations until the eve of trial, FCA cannot meet the "strict standard" that is met "when a plaintiff failed to actively litigate a claim against a defendant *in any capacity*." *Heacock*, 2016 WL 4009849, at *3.

Second, the Mapeses' decision to dismiss Dealership when they did was based on a strategic decision to avoid binding arbitration. Decl., ECF No. 9, 69. The Mapeses' response to Dealership's motion to compel arbitration was due April 9, 2021; the

dismissal occurred on April 5, 2021.  The Mapeses relied on the California Court of Appeal decision in *Felisilda* in making this decision. Reply, ECF NO. 20, 8.  FCA claims that the Mapeses misread *Felisilda* and that its holding can't justify the decision to dismiss Dealership. Opp'n., ECF No. 15, 10.  In response, though, the Mapeses cite several cases to which their retained counsel has been a party in litigation where the decision to dismiss named dealership defendants helped them avoid arbitration. Mot. ECF No. 9, Ex. 1-5.  This Court need not address which, if either, party's view of a *Felisilda* is correct in addressing the Mapeses' actions.  Rather, the record indicates, based on their interpretation of a relevant case and subsequent interpretation by other courts of said case, the Mapeses had a good faith reason for dismissing Dealership from the case.

FCA fails to meet their burden demonstrating bad faith in naming Dealership as a defendant.  The Mapeses (1) named Dealership as a defendant at the outset of the case, (2) had a legitimate claim against Dealership, (3) had a valid explanation for dismissing Dealership from the case, (4) and had justification for the timing of Dealership's dismissal.  While the Mapeses maybe should have been more diligent in attempting to depose necessary witnesses or seeking discovery from all named defendants, this factor alone does not arise to level of meeting the bad faith exception to the one-year bar to removal.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 9) is **GRANTED**.  The case is REMANDED to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: August 12, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge